UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRYL WATSON,

      Plaintiff,

                                Case No. 16-cv-13770
v.                              Honorable Linda V. Parker

CHARLES JAMSEN, *et al.*,

      Defendants.
_____/

**<u>OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S AUGUST 11, 2017 REPORT AND RECOMMENDATION GRANTING (1) DEFENDANT SIRENA LANDFAIR'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 10]; AND (2) DEFENDANT LANA MCCARTHY'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 21]</u>**

On October 21, 2016, Plaintiff filed this *pro* se complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical condition in violation of the Eighth Amendment. (ECF No. 1.) This matter was referred to Magistrate Judge R. Steven Whalen for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 5.) Defendants Sirena Landfair ("Landfair") and Lana McCarthy ("McCarthy") subsequently filed motions for summary judgment. (ECF Nos. 10, 21.)

## I. Background

On August 11, 2017, Magistrate Judge Whalen issued his R&R recommending this Court grant Defendants Landfair's and McCarthy's motion for summary judgment for failure to exhaust administrative remedies, thereby dismissing both defendants, without prejudice. (ECF No. 39.) Magistrate Judge Whalen found Plaintiff failed to name Defendant Landfair in his administrate grievance and identify any conduct of hers that denied him medical treatment. (*Id.* at 5-6.) Although Plaintiff did name Defendant McCarthy in his grievance, Magistrate Judge Whalen found there were no facts indicating Defendant McCarthy had any involvement in denying Plaintiff medical treatment.

Magistrate Judge Whalen concluded by advising the parties they may object to and seek review of the R&R within fourteen days of service upon them. (*Id.* at 8.) Specifically, he further advised the parties that "[f]ailure to timely file objections constitutes a waiver of any further right to appeal." (*Id.*) Plaintiff filed an objection on August 24, 2017. (ECF No. 40.)

## II. Standard of Review

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the

reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F. 2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). A court must construe a *pro se* litigant's submissions liberally and interpret them in a manner to raise the strongest arguments they suggest. *See Kirkland v. Cablevision Sys.*, 760 F. 3d 223, 224 (2d Cir. 2014); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, general objections, or those merely restating arguments previously presented, do not sufficiently identify alleged errors on the part of a magistrate judge. *Watkins v. Tribley*, No. 09-14990, 2011 WL 4445823, at *1 (E.D. Mich. Sept. 26, 2011). An objection that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F. 2d 505, 508 (6th Cir. 1991). Only specific objections are entitled to *de novo* review, not those objections that are "frivolous, conclusive or general." *Mira v. Marshall*, 806 F. 2d 636, 637 (6th Cir. 1986) (internal quotation marks and citation omitted).

## III. Applicable Law & Analysis

Plaintiff's sole objection is that the magistrate judge erred when he found Plaintiff had not exhausted his administrative remedies against Defendants Landfair and McCarthy. Plaintiff has failed to provide the court with any authority to support his contention that stating "any and all medical staff" exhausts his administrative remedy and was sufficient to identify Defendants Landfair and McCarthy.

Section 42 U.S.C. § 1997e(a) requires the exhaustion of all administrative procedures before filing a claim in federal court. "A prisoner exhausts his remedies when he complies with the grievance procedures put forward by his correctional institution." *Mattox v. Edelman*, 851 F. 3d 583, 590 (6th Cir. 2017). Administrative exhaustion is an affirmative defense prison officials must plead and prove by a preponderance of the evidence. *Lee v. Willey*, 789 F. 3d 673, 677 (6th Cir. 2015). "[P]rison officials waive any procedural irregularities in a grievance when they nonetheless address the grievance on the merits." *Mattox*, 851 F. 3d at 591; *see also Randall v. Winnicki*, No. 16-cv-207, 2017 U.S. Dist. LEXIS 85807, at *6-7 (W.D. Mich. May 8, 2017).

Pursuant to the Michigan Department of Corrections ("MDOC") Policy Directive 03.02.130 § B: "Complaints filed by prisoners regarding grievable issues as defined in this policy serve to exhaust a prisoner's administrative remedies only

4

when filed as a grievance through all three steps of the grievance process in compliance with this policy." (ECF No. 10-2 at Pg ID 59.) More Specifically, MDOC Policy Directive 03.02.130 § R requires "[i]nformation provided . . . to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included." (*Id.* at Pg ID 61.)

Pursuant to MDOC's grievance procedure Plaintiff was required to state specifically the conduct of each Defendant he alleges denied him access to proper medical care. As Magistrate Judge Whalen correctly found, Plaintiff does not identify Defendant Landfair in any administrative grievance. MDOC Policy Directive 03.02.130 § R specifically requires the names of all individuals involved in the grievance to be named, as well as the specific conduct at issue. Although Plaintiff names Defendant McCarthy in his Step 1 Grievance No. 16-05-0807-12D2 ("Grievance 12D2"), he does not allege what, if any, involvement she had in the grievance.

Plaintiff asserts that because the prison officials decided his grievances on the merits and never cited any deficiencies, Defendants have waived any exhaustion requirement. However, as it relates to Defendant Landfair, Defendants had no reason to suspect there were any issues with Plaintiff's grievance process because Defendant Landfair was never named in any grievance. Therefore,

5

Defendants were not on notice that Defendant Landfair had engaged in any unlawful conduct. Further, although Defendant McCarthy is mentioned in Step 1 of Grievance 12D2, again, Plaintiff failed to describe what, if any, conduct Defendant McCarthy engaged in that was unlawful. The basis of Grievance 12D2 was that Defendant Jamson refused to see Plaintiff following his foot surgery. Plaintiff even notes in his grievance that his request to be seen was "Sent to MP to review," and he later refers to "MP" as Defendant Jamson. (ECF No. 10-3 at Pg ID 82.) It is insufficient for Plaintiff to simply name Defendant McCarthy and "any and all medical staff unable to name" without alleging specific conduct associated with the unidentified medical staff. This particular grievance is very specific to Defendant Jamson's conduct. Even if this grievance was resolved on the merits, the basis of the resolution was based on Defendant Jamson's refusal to see Plaintiff, not Defendant McCarthy, who was not Plaintiff's "MP."

For these reasons, the Court rejects Plaintiff's objection to Magistrate Judge Whalen's August 11, 2017 R&R and adopts the recommendations in the Report & Recommendation.

Accordingly,

**IT IS ORDERED** that Defendant Sirena Landfair's motion for summary judgment (ECF No. 10) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Lana McCarthy's motion for summary judgment (ECF No. 21) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants (1) Sirena Landfair and (2) Lana McCarthy are **DISMISSED WITHOUT PREJUDICE**.

                                        s/ Linda V. Parker
                                        LINDA V. PARKER
                                        U.S. DISTRICT JUDGE

Dated: September 26, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 26, 2017, by electronic and/or U.S. First Class mail.

                                        s/ R. Loury
                                        Case Manager