UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRYL WATSON,

        Plaintiff,

                              Case No. 16-cv-13770
v.                              Honorable Linda V. Parker

CHARLES JAMSEN, *et al.*,

        Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL (ECF No. 52)

On October 21, 2016, Plaintiff filed this *pro* se complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical condition in violation of the Eighth Amendment. (ECF No. 1.) This matter was referred to Magistrate Judge R. Steven Whalen for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 5.)

On December 7, 2017, Magistrate Judge Whalen issued an Order granting Plaintiff's Motion to Compel. (ECF No. 49.) Plaintiff objects to Magistrate Judge Whalen's ruling because he is required to pay for copies of the documents he

requests. A party may object to a magistrate judge's non-dispositive orders. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The reviewing court must affirm the magistrate judge's ruling unless the objecting party demonstrates that the magistrate judge's ruling is "clearly erroneous" or "contrary to law." *Id.* The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See, e.g.*, *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). Instead, the "clearly erroneous" standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.,* 33 U.S. 364, 395 (1948). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002).

The Court has reviewed Plaintiff's objections to the December 7, 2017 Order and is not convinced that Magistrate Judge Whalen's ruling is clearly erroneous or contrary to law. Although Plaintiff is proceeding *in forma pauperis*, as Magistrate Judge Whalen correctly ruled, Plaintiff is not entitled to free copies of discovery. As to Plaintiff's objection regarding his right to inspect the

2

documents, this objection is moot because Judge Whalen granted Plaintiff's request on January 30, 2018. (ECF No. 58.)

Further, Plaintiff's objections filed on December 19, 2017 based on Judge Whalen's failure to resolve docket numbers "33, 35, and 36"[1] are denied, as moot, because those motions have since been resolved.

Accordingly,

**IT IS ORDERED** that Plaintiff's Objection to Magistrate Judge Whalen's December 7, 2017 Order (ECF No. 52) is **DENIED**; and

**IT IS FURTHER ORDER** that Plaintiff's Objection (ECF No. 51) is **DENIED**, as moot.

**IT IS SO ORDERED**.

                                                  s/ Linda V. Parker
                                                  LINDA V. PARKER
                                                  U.S. DISTRICT JUDGE

Dated: April 25, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 25, 2018, by electronic and/or U.S. First Class mail.

                                                  s/ R. Loury
                                                  Case Manager

---

[1] Docket number 36 is Plaintiff's response to MDOC's Motion to Quash.