UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRYL WATSON,

    Plaintiff,                        No. 16-13770

v.                                 District Judge Linda V. Parker
                                    Magistrate Judge R. Steven Whalen

CHARLES JAMSEN, ET AL.,

    Defendants.
_____/

**ORDER**

Defendants Charles Jamsen, M.D. and Mary Boayue, P.A.'s ("Defendants'") June 6, 2018 Motion for HIPAA Disclosure Order and/or Qualified Protective Order [Doc. #66], is hereby GRANTED. Defendants' July 16, 2018 Motion to Strike Plaintiff's Sur-Reply [Docket #73] is DENIED.

Defendants seek an *ex parte* interview of one of Plaintiff Derryl Watson's ("Plaintiff's") medical providers. Under the Health Insurance Portability and Accountability Act of 1996 ("HIPPA") 45 C.F.R. § 164.512(e)(1)(i-ii), a plaintiff's treating providers may disclose protected health information in the event that a disclosure order or qualified protective order has been entered. While HIPAA is silent as to whether defendants can conduct *ex parte* interviews with physicians, the regulations "'plainly permit adversaries in litigation to have access to a claimant's medical records that are relevant to the issues in the

-1-

litigation.'" *Kitchen v. Corizon Health, Inc.,* 2017 WL 5197115, at *3 (W.D.Mich. November 10, 2017)(citing *Thomas v. 1156729 Ontario Inc.*, 979 F.Supp.2d 780, 784 (E.D.Mich. 2013)). "'Having access to the medical *witnesses* who may testify at trial serves the same goal of allowing equal access to the evidence, which is essential to the success of the adversary process.'"*Id.* (emphasis added). Under HIPPA, parties are forbidden from "using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested," and, requires the return or destruction of the protected information, including all copies "at the end of the litigation or proceeding." § 164.512(e)(1)(i-ii)(v)(A-B).

In his response, Plaintiff, a prisoner in the custody of the Michigan Department of Corrections ("MDOC") contests the request for *ex parte* access to his medical providers, stating that unlike Defendants, he "does not have the ability to interview or communicate directly" with the sources in question. *Docket #69,* 3-4, Pg. ID 465 In reply, Defendants note that Plaintiff "has the ability to write letters and has the ability to make telephone calls" to his providing sources. *Docket #71*, 1-2, Pg ID 478. Defendants note further that the only "outside treater" that they intend to interview is podiatrist Mathew Page, D.P.M. I agree that Plaintiff should not experience significant difficulty procuring Dr. Page's address and/or telephone number and making contact.

In a sur-reply, Plaintiff argues that *ex parte* communications between the treating podiatrist and Defendants could possibly lead to the improper release of irrelevant but

confidential information.[1] *Docket #72*, 2, Pg. ID 482. He cites *Boone v. Heyns*, 2017 WL 3977524, at *11 (E.D.Mich. September 11, 2017) and *Strayhorne v. Caruso*, 2014 WL 916814, at *3–4 (E.D.Mich. March 10, 2014), both cases in which the court denied the defendants' requests for *ex parte* interviews with the plaintiffs' medical providers on the basis of the "risk" of inadvertant disclosure of confidential information unrelated to the case. "[O]ne cannot expect a medical provider to know what protected information is relevant to the plaintiff's claims and what information is not relevant" in the course of an *ex parte* interview. *Strayhorne* at *4.

*Boone* and *Strayhorne* are distinguishable from the present case. To be sure, in both of those cases and the present case, the plaintiff is in the custody of the MDOC. However, in *Boone* the treating sources to be interviewed were "either Defendants or employees of Defendant Corizon,"[2] which the court found, among other factors, would "tilt fairness in discovery towards Defendants." *Id.* at *11. In *Strayhorne,* defendants seeking *ex parte*

---

[1] Defendants argue that Plaintiff's Sur-Reply, which is not permitted by E.D. Mich. LR 7.1(d)(1), should be struck. *Docket #73*. "'[T]he decision to grant or deny leave to file a sur-reply is committed to the sound discretion of the court.'" *Mohlman v. Deutsche Bank National Trust Company*, 2015 WL 13390184, at *1 (E.D.Mich. September 4, 2015)(Stafford, M.J.)(*citing* Soc'y *of St. Vincent De Paul in the Archdiocese of Detroit v. Am. Textile Recycling Services*, 2014 WL 65230, at *3 (E.D. Mich. Jan. 8, 2014))(Hood, J.)(citations omitted). Although the Court will consider Plaintiff's sur-reply in this instance, he is cautioned to follow the Local Rules and Federal Rules of Civil Procedure before making future filings.

[2] Corizon was an entity hired to administer care to MDOC inmates.

interviews were both a treating source and the source's employer.  *Strayhorne v. Caruso*, Case No. 11-15216, *Docket #126*.  Further, in *Strayhorne,* defendants sought multiple *ex parte* interviews whereas here, Defendants seek *ex parte* contact with only one outside source, a non-defendant podiatrist. *Id.* at 7.

Despite Plaintiff's protestations, he is able to reach out to Dr. Page with relative ease and would be able to procure information from him, albeit by telephone, as easily as Defendants.  Further, there is no discernible risk for the dissemination of protected information given the parameters of this order.  In this case, allowing Defendants to conduct an *ex parte* interview amounts to no more than "equal access to the evidence." *Thomas, supra,* 979 F.Supp.2d at 784.

IT IS HEREBY ORDERED that Plaintiff Derryl Watson's ("Plaintiff's") examining, testing and/or treating doctors, nurses and other medical personnel may discuss the Plaintiff's medical conditions and treatment with counsel for Defendants, and may provide counsel for Defendants with documentary information relating to Plaintiff's health care. However, the decision to do so lies with the doctors, nurses and other medical personnel and is not compelled by this Order.

IT IS FURTHER ORDERED that counsel for Defendants are prohibited from using any health care information provided under this Order for any purpose other than as a part of the present litigation.

IT IS FURTHER ORDERED that upon completion of the present litigation, counsel

for Defendants shall destroy any copies of any documentary health care information received from any health care provider pursuant to this Order, and any original materials shall be returned to the provider.

IT IS FURTHER ORDERED that Defendants' Motion to Strike Plaintiff's Sur-Reply [Doc. #73] is DENIED.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: August 28, 2018

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on August 28, 2018, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen