UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRYL WATSON,

    Plaintiff,                                       No. 16-13770

v.                                               District Judge Linda V. Parker
                                                     Magistrate Judge R. Steven Whalen

CHARLES JAMSEN, ET AL.,

    Defendants.
_____/

**ORDER**

Before the Court is Plaintiff Derryl Watson's Motion to Compel Non-Party Michigan Department of Corrections to Comply with Valid Subpoena and [to] Show Cause why Court Shouldn't Find MDOC in Contempt [ECF No. 86].

Plaintiff served a subpoena on the MDOC, requesting to inspect his medical records, specifically "photographs and video taken of Plaintiff's left foot and bandages taken by Nurse Supervisor Brian Duckworth and Dr. M. Page on May 6, 2016 at DWH (Duane Waters Hospital)." Motion, ECF No. 86, Page.ID.1178. Plaintiff states in his motion that the MDOC replied that no photographs exist for the date requested. *Id*.

In its response [ECF No. 87], the MDOC states that on further review, it did locate one photograph of Plaintiff's foot was taken during the May 6, 2018 visit. A black and white copy of the photograph is attached to the response. The photograph shows unwrapped and bloodied dressing. The response also states that "videos are not a part of the medical record," and that the "MDOC is not certain that any responsive videos exist." ECF No. 87, Page.ID.1192.

Documents, photographs, or videos relating to May 6, 2016, if they exist, are relevant to the condition of Plaintiff's foot between April 19 and May 5, 2016. *See Opinion Denying Defendants' Motion for Summary Judgment*, ECF No. 97. Moreover, the MDOC's claim that videos and photographs are not formally "part of the medical record" is beside the point. If they were taken by medical personnel in the course of treatment or evaluation, they would be encompassed in Plaintiff's request, regardless of how the MDOC characterizes them. To find otherwise would be to elevate semantics over substance.

The MDOC states that it is unsure if any videos exist. It will therefore undertake a diligent and good faith investigation into whether it has any videos or other photographs taken at the Plaintiff's May 6, 2016 appointment. If such material exists and is in the possession, custody, or control of the MDOC, Plaintiff will be permitted to examine that material. If it does not exist, the MDOC will notify the Plaintiff of such. Plaintiff will also be permitted to examine the original photograph from which the copy submitted with the response was made.

I find no basis, however, to consider contempt proceedings against the MDOC.

Under these terms, Plaintiff's motion [ECF No.86] is GRANTED to the extent that the MDOC will permit the Plaintiff to inspect this material as discussed above.

The motion is DENIED as to Plaintiff's request to issue a show cause/contempt order to the MDOC.

IT IS SO ORDERED.

Dated: September 25, 2019        s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

## **CERTIFICATE OF SERVICE**

      I hereby certify on September 25, 2019 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants September 25, 2019.

                                                  s/Carolyn M. Ciesla
                                                  Case Manager for the
                                                  Honorable R. Steven Whalen