# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

DERRYL WATSON, #148946

     Plaintiff,

v.

JAMSEN et al

     Defendants,

Case No.: 2:16-cv-13770
District Judge: Linda V. Parker
Magistrate Judge: R. Steven Whalen

| | |
|---|---|
| THE LAW OFFICE OF KEITH ALTMAN | CHAPMAN LAW GROUP |
| Keith Altman (P81702) | Ronald W. Chapman Sr., M.P.A., |
| Attorney for Plaintiff | LL.M (P37603) |
| 33228 West 12 Mile Rd., Suite 375 | Nicholas B. Pillow (P83927) |
| Farmington Hills, MI 48331 | Attorneys for Charles Jamsen, M.D., |
| (516) 456-5885 | Keith Papendick, M.D. and |
| kaltman@lawampmmt.com | Mary Boayue, P.A. |
| | 1441 West Long Lake Rd., Suite 310 |
| RADNER LAW GROUP, PLLC | Troy, MI 48098 |
| Solomon M. Radner (P73653) | (248) 644-6326 |
| Co-Counsel for Plaintiff | rchapman@chapmanlawgroup.com |
| 17515 W. Nine Mile Rd., Ste. 1175 | npillow@chapmanlawgroup.com |
| Southfield, MI 48075 | |
| (313) 355-3425 | |
| solomon@radnerlawgroup.com | |

---

## DEFENDANTS CHARLES JAMSEN, M.D.; MARY BOAYUE, P.A.; AND KEITH PAPENDICK, M.D.'S MOTION IN LIMINE TO CLEARLY DEFINE THE TIME PERIOD AND ISSUES TO BE LITIGATED

NOW COME Defendants CHARLES JAMSEN, M.D.; MARY BOAYUE,

P.A.; and KEITH PAPENDICK, M.D., by and through their attorneys, CHAPMAN

LAW GROUP, and request that this Honorable Court enter an Order to clarify the

1

time period and issues to be litigated, and limit trial testimony to those issues defined by the Court.

1. Plaintiff filed his Complaint in this matter on October 21, 2016. (**ECF No. 1**).

2. On May 24, 2018, the Court granted Plaintiff's request to supplement his Complaint to add Keith Papendick, M.D. as a Defendant. (**ECF Nos. 54 and 62**).

3. Plaintiff's supplement to the Complaint did not alter his claims against Defendants Charles Jamsen, M.D. and Mary Boayue, P.A. Plaintiff alleges under the Eighth Amendment that these two (2) Defendants did not provide him with medical care following foot surgery on April 19, 2016. (**ECF Nos. 1 and 54**).

4. On September 26, 2018, Defendants Dr. Jamsen, and P.A. Boayue, filed their Motion for Summary Judgment based in part on the grounds that Plaintiff could not establish the objective component of a deliberate indifference claim because Plaintiff had received considerable medical care for his foot condition and Plaintiff's podiatric surgeon, Dr. Page, did not attribute Plaintiff's post-surgical hardware infection to Plaintiff's alleged lack of dressing change between April 16, 2016 through May 5, 2016. (**ECF No. 79**).

5. On August 9, 2019, Magistrate Judge R. Steven Whalen issued his report and recommendation on Defendants' MSJ, finding that Plaintiff had received ongoing care for his foot condition, and therefore to satisfy the objective component of a deliberate indifference claim, needed to show that the care

received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." (**ECF No. 92, PageID.1221-1222**) (citing *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018)).

6. Magistrate Whalen further concluded that Plaintiff had failed to show grossly incompetent care as his own podiatrist, Dr. Page, had opined that Plaintiff may have developed an infection even with proper follow-up care, and therefore recommended that Defendants' MSJ be granted. (**ECF No. 92, PageID.1222-1224**).

7. On September 24, 2019, this Court issued its opinion and order rejecting the recommendation of the Magistrate Judge and denying Defendants' MSJ. (**ECF No. 97**).

8. In its opinion and order, the Court found that Defendants and Magistrate Whalen had mischaracterized Plaintiff's allegations and that Plaintiff was not alleging inadequate healthcare, but rather no healthcare at all. (**ECF No. 97, PageID.1263**).

9. The Court reasoned based on Plaintiff's allegations that he complained either four (4) or six (6) times **between April 16, 2016 and May 5, 2016** about his foot bleeding and needing to be checked and **allegedly was not seen by healthcare**,

that "a jury could find that the little that Defendants did do amounted to no treatment at all." (**ECF No. 97, PageID.1265, n. 5**).

10. Accordingly, the Court has defined the issue to be litigated in this matter as whether Defendants were deliberately indifferent in failing to change Plaintiff's dressing between April 19, 2016, and May 5, 2016, and whether the failure to change his dressing caused him damages of pain, soiled bandages, and a malodorous foot. (**ECF No. 97, PageID.1263**).

11. Defendants anticipate that Plaintiff will attempt to also argue that the follow-up care received up to May 5, 2016, and beyond was grossly incompetent and led to Plaintiff's post-surgical hardware infection, without having any medical experts to support that argument.

12. Under the holding of *Phillips v. Tangilag*, 14 F. 4th 524 (6th Cir. 2021), where a Plaintiff brings a §1983 claim based on allegations of inadequate healthcare, the Plaintiff must support their allegations of gross incompetence with expert medical testimony. *See Id.* at 535–537.

13. Likewise, where a prisoner alleges a delay in treatment, they must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Id.* at 538 (quoting *Santiago v Ringle*, 734 F.3d 585, 590 (6th Cir. 2013)) (internal quotation marks omitted).

14. Here, Plaintiff has no expert to speak to the competency of the follow-up care he received, nor any alleged detrimental effect caused by the failure to change his dressing between April 19, 2016, and May 5, 2016, and therefore should be precluded from arguing those points at trial.

15. To allow Plaintiff, at the eleventh-hour, to add a medical expert to speak to the competency of his follow-up care or the causal connection between the failure to changed the dressing and Plaintiff's later hardware infection, would unduly prejudice Defendants by inhibiting their ability to effectively analyze the opinions of Plaintiff's experts, formulate their defense to same, and prepare their own expert to effectively counter the opinions of Plaintiff's experts.

16. Fed. R. Evid. 403 allows the Court to limit admissibility of evidence when it is confusing, more prejudicial than probative, and is likely to mislead the jury.

17. For these reasons, as more fully outlined in the accompanying brief, this Court should grant Defendant's Motion *in Limine*, clearly defining the issues and timeline to be litigated and precluding medical arguments unsupported by medical expert testimony.

WHEREFORE Defendants CHARLES JAMSEN, M.D.; MARY BOAYUE, P.A.; and KEITH PAPENDICK, M.D., respectfully requests that this Court grant this Motion and enter an order:

- Clarifying and reaffirming that the time frame to be litigated at trial is from April 19, 2016, to May 5, 2016.

- Clarifying and reaffirming that the issues to be litigated are whether Defendants were deliberately indifferent in failing to change Plaintiff's wound dressing between April 19, 2016 and May, 5, 2016, and whether that failure caused Plaintiff damages of pain, soiled bandages, and a malodorous foot.

- Precluding any testimony that the follow-up care provided by Defendants was grossly incompetent as unsupported by medical expert testimony.

- Precluding any testimony that the failure to change Plaintiff's dressing led to any other damages apart from pain, soiled bandages, and a malodorous foot, as unsupported by medical expert testimony.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: May 26, 2022

/s/Ronald W. Chapman Sr.
Ronald W. Chapman Sr., M.P.A,
LL.M. (P37603)
Nicholas B. Pillow (P83927)
Attorneys for Charles Jamsen, M.D.; Mary
Boayue, P.A.; and Keith Papendick, M.D.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
npillow@chapmanlawgroup.com

6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

DERRYL WATSON, #148946

     Plaintiff,

v.

JAMSEN et al

     Defendants,

Case No.: 2:16-cv-13770
District Judge: Linda V. Parker
Magistrate Judge: R. Steven Whalen

---

| THE LAW OFFICE OF KEITH ALTMAN | CHAPMAN LAW GROUP |
|---|---|
| Keith Altman (P81702) | Ronald W. Chapman Sr., M.P.A., |
| Attorney for Plaintiff | LL.M (P37603) |
| 33228 West 12 Mile Rd., Suite 375 | Nicholas B. Pillow (P83927) |
| Farmington Hills, MI 48331 | Attorneys for Charles Jamsen, M.D., |
| (516) 456-5885 | Keith Papendick, M.D. and |
| kaltman@lawampmmt.com | Mary Boayue, P.A. |
| | 1441 West Long Lake Rd., Suite 310 |
| RADNER LAW GROUP, PLLC | Troy, MI 48098 |
| Solomon M. Radner (P73653) | (248) 644-6326 |
| Co-Counsel for Plaintiff | rchapman@chapmanlawgroup.com |
| 17515 W. Nine Mile Rd., Ste. 1175 | npillow@chapmanlawgroup.com |
| Southfield, MI 48075 | |
| (313) 355-3425 | |
| solomon@radnerlawgroup.com | |

---

## BRIEF IN SUPPORT OF DEFENDANTS CHARLES JAMSEN, M.D.; MARY BOAYUE, P.A.; AND KEITH PAPENDICK, M.D.'S MOTION IN LIMINE TO CLEARLY DEFINE THE TIME PERIOD AND ISSUES TO BE LITIGATED

## PROOF OF SERVICE

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES.........................................................................iii

INDEX OF EXHIBITS............................................................................ iv

STATEMENT OF ISSUES PRESENTED...............................................v

CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT........ vi

I.   STATEMENT OF FACTS ................................................................1

II.   LAW AND ARGUMENT..................................................................3

III.   CONCLUSION AND RELIEF SOUGHT.......................................8

# INDEX OF AUTHORITIES

**CASES**                                                                                   **PAGE**

*Anthony v. Swanson*, 701 Fed. Appx. 460 (6th Cir. 2017) .........................................7

*Blackmore v. Kalamazoo County*, 390 F.3d 890 (6th Cir. 2004) .............................6

*Graham ex rel. Estate of Graham v. Cty. of Washtenaw*, 358 F.3d 377 (6th Cir. 2004) ..................................................................................................................5

*Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844 (N.D. Ohio 2004) ................................... vi

*Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436 (7th Cir.1997)........... vi

*Louzon v. Ford Motor Co.*, 718 F.3d 556 (6th Cir. 2013) ..........................................3

*Luce v. United States*, 469 U.S. 38; 105 S. Ct. 460; 83 L. Ed. 2d 443 (1984) .... vi, 3

*Ohler v. United States*, 529 U.S. 753 (2000) .............................................................3

*Pearson v. Prison Health Serv.*, 850 F.3d 526 (3rd Cir. 2017) .................................5

*Phillips v. Tangilag*, 14 F. 4th 524 (6th Cir. 2021).......................................... 4, 5, 6, 7

*Provident Life & Acc. Ins. Co. v. Adie*, 176 F.R.D. 246 (E.D. Mich. 1997) .............3

*Rhinehart v. Scutt*, 894 F.3d 721 (6th Cir. 2018).............................................. 3, 4, 5

*Santiago v Ringle*, 734 F.3d 585 (6th Cir. 2013)........................................... 4, 5, 7

*United States v. Brawner*, 173 F.3d 966 (6th Cir. 1999) ...........................................3

*United States v. Seago*, 930 F.2d 482 (6th Cir. 1991) ...............................................3

*Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976).......................................................5

*Wiley v. Henry Ford Cottage Hosp.*, 257 Mich. App. 488; 668 NW2d 402 (2003) .6

**RULES**                                                                                   **PAGE**

Fed. R. Evid. 403 ....................................................................................... 5, vi, 4

# **INDEX OF EXHIBITS**

There are no exhibits included with this brief.

## <u>STATEMENT OF ISSUES PRESENTED</u>

SHOULD THIS COURT GRANT DEFENDANTS'
MOTION CLEARLY DEFINING THE TIME PERIOD
AND ISSUE TO BE LITIGATED IN THIS CASE?

    Defendants Answer:          YES.
    Plaintiff Answers:           NO.


SHOULD THIS COURT GRANT DEFENDANTS'
MOTION PRECLUDING ARGUMENTS THAT
DEFENDANTS PROVIDED GROSSLY
INCOMPETENT FOLLOW-UP CARE?

    Defendants Answer:          YES.
    Plaintiff Answers:           NO.

## <u>CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT</u>

Motions *in limine* are generally used to ensure that trials are managed in an evenhanded and expeditious way by eliminating evidence that is clearly inadmissible for any purpose. *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004); *see Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir.1997). Federal district courts have authority to make *in limine* rulings pursuant to their authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S. Ct. 460, 463 n. 4, 83 L. Ed. 2d 443 (1984).

Federal Rule of Evidence 403 allows a court to exclude evidence when "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

# I.  <u>STATEMENT OF FACTS</u>

Plaintiff filed his Complaint in this matter on October 21, 2016. (**ECF No. 1**). On May 24, 2018, the Court granted Plaintiff's request to supplement his Complaint to add Keith Papendick, M.D. as a Defendant. (**ECF Nos. 54 and 62**). Plaintiff's supplement to the Complaint did not alter his claims against Defendants Charles Jamsen, M.D. and Mary Boayue, P.A. Plaintiff alleges under the Eighth Amendment that these two (2) Defendants did not provide him with medical care following foot surgery on April 19, 2016. (**ECF Nos. 1 and 54**).

On September 26, 2018, Defendants Dr. Jamsen, and P.A. Boayue, filed their Motion for Summary Judgment based in part on the grounds that Plaintiff could not establish the objective component of a deliberate indifference claim because Plaintiff had received considerable medical care for his foot condition and Plaintiff's podiatric surgeon, Dr. Page, did not attribute Plaintiff's post-surgical hardware infection to Plaintiff's alleged lack of dressing change between April 16, 2016, through May 5, 2016. (**ECF No. 79**).

On August 9, 2019, Magistrate Judge R. Steven Whalen issued his report and recommendation on Defendant's MSJ, finding that Plaintiff had received ongoing care for his foot condition, and therefore to satisfy the objective component of a deliberate indifference claim, needed to show that the care received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable

1

to fundamental fairness." (**ECF No. 92, PageID.1221-1222**) (citing *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018)). Magistrate Whalen further concluded that Plaintiff had failed to show grossly incompetent care as his own podiatrist, Dr. Page, had opined that Plaintiff may have developed an infection even with proper follow-up care, and therefore recommended that Defendants MSJ be granted. (**ECF No. 92, PageID.1222-1224**).

On September 24, 2019, this Court issued its opinion and order rejecting the recommendation of the Magistrate Judge and denying Defendants' MSJ. (**ECF No. 97**). In its opinion and order, the Court found that Defendants and Magistrate Whalen had mischaracterized Plaintiff's allegations and that Plaintiff was not alleging inadequate healthcare, but rather no healthcare at all. (**ECF No. 97, PageID.1263**). The Court reasoned based on Plaintiff's allegations that he complained either four (4) or six (6) times between April 16, 2016, and May 5, 2016 about his foot bleeding and needing to be checked and allegedly was not seen by healthcare, that "a jury could find that the little that Defendants did do amounted to no treatment at all." (**ECF No. 97, PageID.1265, n. 5**).

Accordingly, the Court has defined the issue to be litigated in this matter as whether Defendants were deliberately indifferent in failing to change Plaintiff's dressing between April 19, 2016, and May 5, 2016, and whether the failure to change

his dressing caused him damages of pain, soiled bandages, and a malodorous foot. (**ECF No. 97, PageID.1263**).

## II. <u>LAW AND ARGUMENT</u>

The federal procedural and evidentiary rules that govern proceedings before the district court, as well as cases interpreting those rules, "all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures – including motions *in limine* – in order to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999); *see also Louzon v. Ford Motor Co.*, 718 F.3d 556, 560 (6th Cir. 2013) ("A motion *in limine* is any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.") (internal quotation marks omitted).

"Motions *in limine* typically involve matters which ought to be excluded from the jury's consideration due to some possibility of prejudice or as a result of previous rulings by the Court." *Provident Life & Acc. Ins. Co. v. Adie*, 176 F.R.D. 246, 250 (E.D. Mich. 1997). District courts have broad discretion over matters involving the admissibility of evidence at trial. *See United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991). "[*I*]*n limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

This Court has defined the relevant time period of this litigation as April 19, 2016, through May 5, 2016. (**ECF No. 97, PageID.1262-1263**). Moreover, this Court has refined the issue to be litigated as whether the failure to change Plaintiff's wound dressing between April 19, 2016, and May 5, 2016, amounted to deliberate indifference. (**ECF No. 97, PageID.1265, n. 5**). Accordingly, Defendants ask this Court to rule *in limine*, the clearly defined timeline that is to be litigated, and further that Plaintiff be ordered to stay within the dates of April 19, 2016 through May 5, 2016 as previously outlined by this Court. Fed. R. Evid. 403 gives this court the power to limit the admissibility of evidence when its' probative value is substantially outweighed by danger of misleading the jury or wasting time. This Court has already made clear the timeframe to be litigated in your Honor's Opinion (**ECF No. 97**), thus any litigation at trial as to the time frame relevant does not have any probative value and is only likely to mislead the jury and waste time.

Additionally, Defendants anticipate Plaintiff will attempt to also introduce evidence that the follow-up care received up to May 5, 2016, and beyond was grossly incompetent and led to Plaintiff's post-surgical hardware infection. Such arguments are improper as they are unsupported by expert medical testimony as required by the holdings of *Rhinehart v. Scutt*, 894 F.3d 721 (6th Cir. 2018) and *Phillips v. Tangilag*, 14 F. 4th 524 (6th Cir. 2021), and would only serve to confuse a jury as to the issues at hand, and the appropriate legal standard to apply to the facts.

4

The Sixth Circuit has emphasized that "where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Graham ex rel. Estate of Graham v. Cty. of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)). Accordingly, the plaintiff must present enough evidence for a factfinder to evaluate the adequacy of the treatment provided and the severity of the harm caused by the allegedly inadequate treatment. *Id.* There must be "medical proof that the provided treatment was not adequate medical treatment of [the inmate's] condition or pain." *Santiago v. Ringle*, 734, F.3d 585, 591 (6th Cir. 2013). This will often require "expert medical testimony…showing the medical necessity for" the desired treatment and "the inadequacy of the treatments" the inmate received. *Rhinehart*, 894 F.3d at 738. *See also Pearson v. Prison Health Serv.*, 850 F.3d 526, 535 (3rd Cir. 2017) (explaining that adequacy-of-care claims may require expert testimony "to create a genuine dispute that the prisoner's medical needs are serious").

Expanding on this rational, in *Phillips v. Tangilag*, 14 F. 4th 524 (6th Cir. 2021), the Sixth Circuit was tasked with determining whether medical expert testimony is required to establish the objective component of a deliberate indifference claim based on allegations of inadequate care. Noting that "[e]ven for

5

garden-variety negligence claims, the overwhelming weight of authority supports the view that ordinarily expert evidence is essential to support an action for malpractice against a physician or surgeon," *Id.* at 535, the Sixth Circuit reasoned "it would be odd if a prisoner could prove an Eighth Amendment claim more easily than an ordinary individual could prove a malpractice claim." *Id*. Looking to state tort law on the necessity of expert testimony to establish the applicable standard of care, it is easy to see why the *Phillips* Court reached the conclusion it did. As explained in the Michigan medical malpractice case of *Wiley v. Henry Ford Cottage Hosp*., 257 Mich. App. 488; 668 NW2d 402 (2003):

> Expert testimony is necessary to establish the standard of care because the ordinary layperson is not equipped by common knowledge and experience to judge the skill and competence of the service and determine whether it meets the standard of practice in the community.

In the same vein, if not more so, an ordinary layperson lacks the knowledge and experience to determine whether the actions of a medical provider treating an inmate **grossly deviated** from the care that would be provided by a reasonably prudent physician. Accordingly, the *Phillips* Court held that when an inmate has received care and is challenging the adequacy of that care under the Eighth Amendment "[o]ur cases require expert testimony for this different type of challenge." *See Phillips*, 14 F. 4th at 537 (6th Cir. 2021); citing *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004); *Anthony v. Swanson*, 701

Fed. Appx. 460 (6th Cir. 2017). The *Phillips* Court further held that where a prisoner alleges a delay in treatment, they must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Phillips*, 14 F. 4th at 538 (quoting *Santiago v Ringle*, 734 F.3d 585, 590 (6th Cir. 2013)) (internal quotation marks omitted).

Here, Plaintiff has no expert to speak to the competency of the follow-up care he received or whether the failure to change his dressing between April 19, 2016 and May 5, 2016 led to any damages besides pain, soiled bandages, and a malodorous foot. Moreover, to allow Plaintiff to now, at the eleventh-hour, add a medical expert to address these arguments would unduly prejudice Defendants by inhibiting their ability to effectively analyze the opinions of Plaintiff's experts, formulate their defense to same, and prepare their own expert to effectively counter the opinions of Plaintiff's experts.

Thus, Defendants ask this Court to rule *in limine*, to confine the remaining issues to be litigated before the jury as whether the failure to change Plaintiff's dressing between April 19, 2016, and May 5, 2016, caused him damages of pain, soiled bandages, and a malodorous foot, and to preclude any arguments on the competency of follow-up care or a causal connection between the lack of dressing change and other damages, including post-surgical hardware infection, as unsupported by medical expert testimony.

7

## III.   CONCLUSION AND RELIEF SOUGHT

WHEREFORE, Defendants CHARLES JAMSEN, M.D.; MARY BOAYUE, P.A.; AND KEITH PAPENDICK, M.D., respectfully requests that this Court grant this Motion and enter an order:

- Clarifying and reaffirming that the time frame to be litigated at trial is from April 19, 2016, to May 5, 2016.

- Clarifying and reaffirming that the issues to be litigated are whether Defendants were deliberately indifferent in failing to change Plaintiff's wound dressing between April 19, 2016 and May, 5, 2016, and whether that failure caused Plaintiff damages of pain, soiled bandages, and a malodorous foot.

- Precluding any testimony that the follow-up care provided by Defendants was grossly incompetent as unsupported by medical expert testimony.

- Precluding any testimony that the failure to change Plaintiff's dressing led to any other damages apart from pain, soiled bandages, and a malodorous foot, as unsupported by medical expert testimony.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: May 26, 2022

/s/Ronald W. Chapman Sr.
Ronald W. Chapman Sr., M.P.A,
LL.M. (P37603)
Nicholas B. Pillow (P83927)
Attorneys for Charles Jamsen, M.D.; Mary
Boayue, P.A.; and Keith Papendick, M.D.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
npillow@chapmanlawgroup.com

8

## **PROOF OF SERVICE**

I hereby certify that on May 26, 2022, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved non participants.

> Ronald W. Chapman Sr., M.P.A.,
> LL.M. (P37603)
> 1441 W. Long Lake Rd., Suite 310
> Troy, MI 48098
> (248) 644-6326
> rchapman@chapmanlawgroup.com