# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

DERRYL WATSON, #148946

    Plaintiff,

v.

JAMSEN et al

    Defendants,

Case No.: 2:16-cv-13770
District Judge: Linda V. Parker
Magistrate Judge: R. Steven Whalen

---

THE LAW OFFICE OF KEITH ALTMAN
Keith Altman (P81702)
Attorney for Plaintiff
33228 West 12 Mile Rd., Suite 375
Farmington Hills, MI 48331
(516) 456-5885
kaltman@lawampmmt.com

RADNER LAW GROUP, PLLC
Solomon M. Radner (P73653)
Co-Counsel for Plaintiff
17515 W. Nine Mile Rd., Ste. 1175
Southfield, MI 48075
(313) 355-3425
solomon@radnerlawgroup.com

CHAPMAN LAW GROUP
Ronald W. Chapman Sr., M.P.A., LL.M (P37603)
Nicholas B. Pillow (P83927)
Attorneys for Charles Jamsen, M.D., Keith Papendick, M.D. and Mary Boayue, P.A.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
npillow@chapmanlawgroup.com

---

**DEFENDANTS CHARLES JAMSEN, M.D.; MARY BOAYUE, P.A.; AND KEITH PAPENDICK, M.D.'S MOTION IN LIMINE TO PRECLUDE ARGUMENT THAT FAILURE TO CHANGE BANDAGES BETWEEN APRIL 19, 2016 AND MAY 5, 2016 LED TO EXCESSIVE PAIN AND BLEEDING, AS UNSUPPORTED BY EXPERT TESTIMONY**

    NOW COME Defendants CHARLES JAMSEN, M.D.; MARY BOAYUE, P.A.; and KEITH PAPENDICK, M.D., by and through their attorneys, CHAPMAN

1

LAW GROUP, and for their Motion in Limine to Preclude Argument that Failure to Change Bandages Between April 19, 2016 and May 5, 2016 Led to Excessive Pain and Bleeding, as Unsupported by Expert Testimony, state as follows:

1. Plaintiff filed his Complaint in this matter on October 21, 2016. (**ECF No. 1**).

2. On May 24, 2018, the Court granted Plaintiff's request to supplement his Complaint to add Keith Papendick, M.D. as a Defendant. (**ECF Nos. 54 and 62**).

3. Plaintiff's supplement to the Complaint did not alter his claims against Defendants Charles Jamsen, M.D. and Mary Boayue, P.A. Plaintiff alleges under the Eighth Amendment that these two (2) Defendants did not provide him with medical care following foot surgery on April 19, 2016. (**ECF Nos. 1 and 54**).

4. On September 26, 2018, Defendants Dr. Jamsen, and P.A. Boayue, filed their Motion for Summary Judgment based in part on the grounds that Plaintiff could not establish the objective component of a deliberate indifference claim because Plaintiff had received considerable medical care for his foot condition and Plaintiff's podiatric surgeon, Dr. Page, did not attribute Plaintiff's post-surgical hardware infection to Plaintiff's alleged lack of dressing change between April 16, 2016 through May 5, 2016. (**ECF No. 79**).

5. On August 9, 2019, Magistrate Judge R. Steven Whalen issued his report and recommendation on Defendants' MSJ, finding that Plaintiff had received ongoing care for his foot condition, and therefore to satisfy the objective

component of a deliberate indifference claim, needed to show that the care received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." (**ECF No. 92, PageID.1221-1222**) (citing *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018)).

6. Magistrate Whalen further concluded that Plaintiff had failed to show grossly incompetent care as his own podiatrist, Dr. Page, had opined that Plaintiff may have developed an infection even with proper follow-up care, and therefore recommended that Defendants' MSJ be granted. (**ECF No. 92, PageID.1222-1224**).

7. On September 24, 2019, this Court issued its opinion and order rejecting the recommendation of the Magistrate Judge and denying Defendants' MSJ. (**ECF No. 97**).

8. In its opinion and order, the Court found that Defendants and Magistrate Whalen had mischaracterized Plaintiff's allegations and that Plaintiff was not alleging inadequate healthcare, but rather no healthcare at all. (**ECF No. 97, PageID.1263**).

9. The Court reasoned based on Plaintiff's allegations that he complained either four (4) or six (6) times **between April 16, 2016 and May 5, 2016** about his foot bleeding and needing to be checked and **allegedly was not seen by healthcare**,

that "a jury could find that the little that Defendants did do amounted to no treatment at all." (**ECF No. 97, PageID.1265, n. 5**).

10. Accordingly, the Court has defined the issue to be litigated in this matter as whether Defendants were deliberately indifferent in failing to change Plaintiff's dressing between April 19, 2016, and May 5, 2016, and whether the failure to change his dressing caused him damages of pain, soiled bandages, and a malodorous foot. (**ECF No. 97, PageID.1263**).

11. Plaintiff, however, has no medical expert to testify as to whether the pain and bleeding he allegedly experienced was out of the ordinary for what would be expected following this type of podiatric surgery, or to connect any excessive pain or bleeding to the lack of dressing change between April 19, 2016 and May 5, 2016.

12. Under the holding of *Phillips v. Tangilag*, 14 F. 4th 524 (6th Cir. 2021), where a Plaintiff brings a §1983 claim alleging a failure or delay in treatment, they must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," and typically must do so through a qualified medical expert. *Id.* at 538 (quoting *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013)) (internal quotation marks omitted).

13. The questions of whether the pain and bleeding he allegedly experienced was out of the ordinary for what would be expected following this type of podiatric

4

surgery, and whether any excessive pain or bleeding experiences was causally related to the lack of dressing change between April 19, 2016 and May 5, 2016 are beyond the knowledge of lay individuals to judge and determine.

14. To allow Plaintiff, at the eleventh-hour, to add a medical expert to testify on the expected level of pain and bleeding Plaintiff should have experienced or the causal connection between the failure to change the dressing and any excessive pain or bleeding experienced, would unduly prejudice Defendants by inhibiting their ability to effectively analyze the opinions of Plaintiff's experts, formulate their defense to same, and prepare their own expert to effectively counter the opinions of Plaintiff's experts.

15. Fed. R. Evid. 403 allows the Court to limit admissibility of evidence when it is confusing, more prejudicial than probative, and is likely to mislead the jury.

16. For these reasons, as more fully outlined in the accompanying brief, this Court should grant Defendant's Motion *in Limine* and preclude any arguments that the failure to change Plaintiff's dressing between April 19, 2016 and May 5, 2016 caused Plaintiff excessive pain or bleeding.

WHEREFORE, Defendants CHARLES JAMSEN, M.D.; MARY BOAYUE, P.A.; and KEITH PAPENDICK, M.D., respectfully requests that this Court grant this Motion and enter an order precluding Plaintiff from presenting arguments that

the lack of dressing change between April 16, 2016 and May 5, 2016, caused him to experience excessive pain and bleeding as unsupported by expert testimony.

<div style="text-align:right">

Respectfully submitted,
CHAPMAN LAW GROUP

</div>

Dated: May 26, 2022

/s/Ronald W. Chapman Sr.
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
Nicholas B. Pillow (P83927)
Attorneys for Charles Jamsen, M.D.; Mary Boayue, P.A.; and Keith Papendick, M.D.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
npillow@chapmanlawgroup.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

DERRYL WATSON, #148946

    Plaintiff,

v.

JAMSEN et al

    Defendants,

Case No.: 2:16-cv-13770
District Judge: Linda V. Parker
Magistrate Judge: R. Steven Whalen

---

| | |
|---|---|
| THE LAW OFFICE OF KEITH ALTMAN<br>Keith Altman (P81702)<br>Attorney for Plaintiff<br>33228 West 12 Mile Rd., Suite 375<br>Farmington Hills, MI 48331<br>(516) 456-5885<br>kaltman@lawampmmt.com<br><br>RADNER LAW GROUP, PLLC<br>Solomon M. Radner (P73653)<br>Co-Counsel for Plaintiff<br>17515 W. Nine Mile Rd., Ste. 1175<br>Southfield, MI 48075<br>(313) 355-3425<br>solomon@radnerlawgroup.com | CHAPMAN LAW GROUP<br>Ronald W. Chapman Sr., M.P.A.,<br>LL.M (P37603)<br>Nicholas B. Pillow (P83927)<br>Attorneys for Charles Jamsen, M.D.,<br>Keith Papendick, M.D. and<br>Mary Boayue, P.A.<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>rchapman@chapmanlawgroup.com<br>npillow@chapmanlawgroup.com |

---

**BRIEF IN SUPPORT OF DEFENDANTS CHARLES JAMSEN, M.D.; MARY BOAYUE, P.A.; AND KEITH PAPENDICK, M.D. MOTION IN LIMINE TO PRECLUDE ARGUMENT THAT FAILURE TO CHANGE BANDAGES BETWEEN APRIL 19, 2016 AND MAY 5, 2016 LED TO EXCESSIVE PAIN AND BLEEDING, AS UNSUPPORTED BY EXPERT TESTIMONY**

**PROOF OF SERVICE**

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................... iii

INDEX OF EXHIBITS ........................................................................................... iv

STATEMENT OF ISSUES PRESENTED ............................................................... v

CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT ........ vi

I.    STATEMENT OF FACTS ............................................................................. 1

II.   LAW AND ARGUMENT .............................................................................. 3

III.  CONCLUSION AND RELIEF SOUGHT ..................................................... 5

# INDEX OF AUTHORITIES

**CASES**                                                         **PAGE**

*Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844 (N.D. Ohio 2004) .................................. vi

*Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436 (7th Cir.1997)........... vi

*Louzon v. Ford Motor Co.*, 718 F.3d 556 (6th Cir. 2013) ..........................................3

*Luce v. United States*, 469 U.S. 38; 105 S. Ct. 460; 83 L. Ed. 2d 443 (1984) .... vi, 3

*Ohler v. United States*, 529 U.S. 753 (2000) ............................................................3

*Phillips v. Tangilag*, 14 F. 4th 524 (6th Cir. 2021)......................................................4

*Provident Life & Acc. Ins. Co. v. Adie*, 176 F.R.D. 246 (E.D. Mich. 1997) .............3

*Rhinehart v. Scutt*, 894 F.3d 721 (6th Cir. 2018).....................................................3, 2

*Santiago v. Ringle*, 734 F.3d 585 (6th Cir. 2013).......................................................4

*United States v. Brawner*, 173 F.3d 966 (6th Cir. 1999) ...........................................3

*United States v. Seago*, 930 F.2d 482 (6th Cir. 1991) ...............................................3

**RULES**                                                         **PAGE**

Fed. R. Evid. 403 ........................................................................................ 5, vi

# **INDEX OF EXHIBITS**

There are no exhibits included with this brief.

## **STATEMENT OF ISSUES PRESENTED**

SHOULD THIS COURT GRANT DEFENDANTS' MOTION PRECLUDING ARGUMENTS THAT THE LACK OF DRESSING CHANGE BETWEEN APRIL 19, 2016 AND MAY 5, 2016 CAUSED EXCESSIVE PAIN AND BLEEDING?

    Defendants Answer:          YES.
    Plaintiff Answers:           NO.

## **CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT**

Motions *in limine* are generally used to ensure that trials are managed in an evenhanded and expeditious way by eliminating evidence that is clearly inadmissible for any purpose. *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004); *see Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir.1997). Federal district courts have authority to make *in limine* rulings pursuant to their authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S. Ct. 460, 463 n. 4, 83 L. Ed. 2d 443 (1984).

Federal Rule of Evidence 403 allows a court to exclude evidence when "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## I. STATEMENT OF FACTS

Plaintiff filed his Complaint in this matter on October 21, 2016. (**ECF No. 1**). On May 24, 2018, the Court granted Plaintiff's request to supplement his Complaint to add Keith Papendick, M.D. as a Defendant. (**ECF Nos. 54 and 62**). Plaintiff's supplement to the Complaint did not alter his claims against Defendants Charles Jamsen, M.D. and Mary Boayue, P.A. Plaintiff alleges under the Eighth Amendment that these two (2) Defendants did not provide him with medical care following foot surgery on April 19, 2016. (**ECF. Nos. 1 and 54**).

On September 26, 2018, Defendants Dr. Jamsen, and P.A. Boayue, filed their Motion for Summary Judgment based in part on the grounds that Plaintiff could not establish the objective component of a deliberate indifference claim because Plaintiff had received considerable medical care for his foot condition and Plaintiff's podiatric surgeon, Dr. Page, did not attribute Plaintiff's post-surgical hardware infection to Plaintiff's alleged lack of dressing change between April 16, 2016, through May 5, 2016. (**ECF No. 79**).

On August 9, 2019, Magistrate Judge R. Steven Whalen issued his report and recommendation on Defendant's MSJ, finding that Plaintiff had received ongoing care for his foot condition, and therefore to satisfy the objective component of a deliberate indifference claim, needed to show that the care received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable

1

to fundamental fairness." (**ECF No. 92, PageID.1221-1222**) (citing *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018)). Magistrate Whalen further concluded that Plaintiff had failed to show grossly incompetent care as his own podiatrist, Dr. Page, had opined that Plaintiff may have developed an infection even with proper follow-up care, and therefore recommended that Defendants MSJ be granted. (**ECF No. 92, PageID.1222-1224**).

On September 24, 2019, this Court issued its opinion and order rejecting the recommendation of the Magistrate Judge and denying Defendants' MSJ. (**ECF No. 97**). In its opinion and order, the Court found that Defendants and Magistrate Whalen had mischaracterized Plaintiff's allegations and that Plaintiff was not alleging inadequate healthcare, but rather no healthcare at all. (**ECF No. 97, PageID.1263**). The Court reasoned based on Plaintiff's allegations that he complained either four (4) or six (6) times between April 16, 2016, and May 5, 2016 about his foot bleeding and needing to be checked and allegedly was not seen by healthcare, that "a jury could find that the little that Defendants did do amounted to no treatment at all." (**ECF No. 97, PageID.1265, n. 5**).

Accordingly, the Court has defined the issue to be litigated in this matter as whether Defendants were deliberately indifferent in failing to change Plaintiff's dressing between April 19, 2016, and May 5, 2016, and whether the failure to change

his dressing caused him damages of pain, soiled bandages, and a malodorous foot. (**ECF No. 97, PageID.1263**).

## II. LAW AND ARGUMENT

The federal procedural and evidentiary rules that govern proceedings before the district court, as well as cases interpreting those rules, "all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures – including motions *in limine* – in order to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999); *see also Louzon v. Ford Motor Co.*, 718 F.3d 556, 560 (6th Cir. 2013) ("A motion *in limine* is any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.") (internal quotation marks omitted).

"Motions *in limine* typically involve matters which ought to be excluded from the jury's consideration due to some possibility of prejudice or as a result of previous rulings by the Court." *Provident Life & Acc. Ins. Co. v. Adie*, 176 F.R.D. 246, 250 (E.D. Mich. 1997). District courts have broad discretion over matters involving the admissibility of evidence at trial. *See United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991). "[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

This Court has refined the issue to be litigated as whether the failure to change Plaintiff's wound dressing between April 19, 2016, and May 5, 2016, amounted to deliberate indifference. (**ECF No. 97, PageID.1265, n. 5**). The Court has further stated that the measure of damages in this matter is whether Plaintiff suffered "extreme pain and bleeding, as well as the indecent necessity of dragging around a foot wrapped in bloody, wet, and odorous bandages." (**ECF No. 97, PageID.1263**).

Under the holding of *Phillips v. Tangilag*, 14 F. 4th 524 (6th Cir. 2021) where a Plaintiff brings a §1983 claim alleging a failure or delay in treatment, they must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," and typically must do so through a qualified medical expert. *Id*. at 538 (quoting *Santiago v Ringle*, 734 F.3d 585, 590 (6th Cir. 2013)) (internal quotation marks omitted).

Here, while Plaintiff has characterized the dressing issue as a failure to change his dressing between April 19, 2016 and May 5, 2016, Plaintiff's medical records clearly show that following May 5, 2016 Plaintiff received regular dressing changes every three (3) days. (**ECF No. 80, *filed under seal***). Accordingly, what Plaintiff is really alleging is that the orders regarding his dressing change were delayed from April 19, 2016, until May 5, 2016. Plaintiff, however, has no medical expert to testify as to whether the pain and bleeding he allegedly experienced was out of the ordinary for what would be expected following this type of podiatric surgery, or to connect

4

any excessive pain or bleeding to the lack of dressing change between April 19, 2016 and May 5, 2016.

The questions of whether the pain and bleeding he allegedly experienced was out of the ordinary for what would be expected following this type of podiatric surgery, and whether any excessive pain or bleeding experiences was causally related to the lack of dressing change between April 19, 2016, and May 5, 2016, are beyond the knowledge of lay individuals to judge and determine. Thus, allowing Plaintiff to present arguments that the delay in changing his dressing between April 19, 2016, and May 5, 2016 lead to excessive pain and bleeding without expert testimony supporting those arguments will only serve to mislead and confuse a jury as to the level of pain and bleeding to be expected and the cause of any excessive pain and bleeding. Moreover, to allow Plaintiff to now, at the eleventh-hour, add a medical expert to address these arguments would unduly prejudice Defendants by inhibiting their ability to effectively analyze the opinions of Plaintiff's experts, formulate their defense to same, and prepare their own expert to effectively counter the opinions of Plaintiff's experts.

### III. CONCLUSION AND RELIEF SOUGHT

Based on the forgoing arguments, Defendants ask this Court to rule *in limine*, to preclude Plaintiff from presenting arguments at trial that the delay in changing his

5

dressing from April 19, 2016, to May 5, 2016 caused excessive pain and bleeding as unsupported by medical expert testimony.

WHEREFORE, Defendants CHARLES JAMSEN, M.D.; MARY BOAYUE, P.A.; and KEITH PAPENDICK, M.D., respectfully requests that this Court grant this Motion and enter an order precluding Plaintiff from presenting arguments that the lack of dressing change between April 16, 2016, and May 5, 2016, caused him to experience excessive pain and bleeding as unsupported by expert testimony.

|  |  |
|---|---|
|  | Respectfully submitted,<br>CHAPMAN LAW GROUP |
| Dated:  May 26, 2022 | /s/Ronald W. Chapman Sr.<br>Ronald W. Chapman Sr., M.P.A, LL.M. (P37603)<br>Nicholas B. Pillow (P83927)<br>Attorneys for Charles Jamsen, M.D.; Mary Boayue, P.A.; and Keith Papendick, M.D.<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>rchapman@chapmanlawgroup.com<br>npillow@chapmanlawgroup.com |

## **PROOF OF SERVICE**

I hereby certify that on May 26, 2022, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved non-participants.

<div style="text-align:right">

/s/ *Ronald W. Chapman, Sr.*
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
rchapman@chapmanlawgroup.com

</div>

7